UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CONCERT, | : | CIVIL ACTION NO. 3:CV-08-1340 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| LUZERNE COUNTY | : | |
| CHILDREN AND YOUTH SERVICES, | : | |
| | : | |
| Defendant | : | |

FILED
SCRANTON
OCT 2 9 2008
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CONCERT, | : | CIVIL ACTION NO. 3:CV-08-1352 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| LUZERNE COUNTY | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CONCERT, | : | CIVIL ACTION NO. 3:CV-08-1466 |
| | : | |
| Plaintiff | : | (Judge Nealon) |

|   |   |
|---|---|
| v. | : |
|  | : |
| LUZERNE COUNTY | : |
| CLERK OF COURTS, | : |
|  | : |
| Defendant | : |

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS CONCERT, | : | CIVIL ACTION NO. 3:CV-08-1598 |
|---|---|---|
|  | : |  |
| Plaintiff | : | (Judge Nealon) |
|  | : |  |
| v. | : |  |
|  | : |  |
| THOMAS COMETA, et al., | : |  |
|  | : |  |
| Defendants | : |  |

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS CONCERT, | : | CIVIL ACTION NO. 3:CV-08-1717 |
|---|---|---|
|  | : |  |
| Plaintiff | : | (Judge Nealon) |
|  | : |  |
| v. | : |  |
|  | : |  |
| LUZERNE COUNTY | : |  |
| CORRECTIONAL FACILITY, | : |  |
| MEDICAL SERVICES & NURSING | : |  |
| STAFF | : |  |
| Defendant | : |  |

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CONCERT, | : | CIVIL ACTION NO. 3:CV-08-1801 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| LUZERNE COUNTY COMMISSIONER DEPT. et al., | : | |
| Defendants | : | |

## **MEMORANDUM AND ORDER**

### **Background**

Plaintiff, an inmate at the Luzerne County Prison, Wilkes-Barre, Pennsylvania, proceeding pro se, filed the above captioned civil rights actions pursuant to 42 U.S.C. § 1983. The actions name the following thirteen Defendants: Luzerne County Children and Youth Services; Luzerne County Department of Corrections; Facility Offices of the Warden, Mr. Fiskey; Luzerne County Administrations Department; Luzerne County Clerk of Courts; Attorney Thomas Cometa; Attorney John Sobot; Luzerne County Correctional Facility Medical

3

Services and Nursing Staff; Luzerne County Commissioner's Department and Luzerne County Commissioners Maryann Petrilla, Greg Skrepenak, and Stephen Urban. Along with his complaints, Concert submitted applications to proceed in forma pauperis under 28 U.S.C. § 1915. Pursuant to Section 1915(e)(2):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1] "The frivolousness determination is a discretionary one," and trial courts "are in the best

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The Plaintiff's complaints, albeit disjointed, all center around Plaintiff's belief that he has been "unlawfully charged" and "unjustly" incarcerated on "the crime of harassment." Plaintiff states that he has not seen his children "in over 16 to 17 years, even when [he] has been requesting the return of his daughters." He claims that every time he "calls or contacts" his children he is "unlawfully charged" with "the crime of harassment" and that this "kind of conduct has been in fact on going over many years" and that plaintiff "is not guilty of anything." Plaintiff states that he has "ask[ed] many Dept. to help/aid [him] regarding children of #2 over years, as to the same Dept. told this father he can't see or contact his dothers [sic] because he is mentel [sic] of some kind on going 16 to 17 years."

Concert asserts that all Defendants named are "covering up" and that the "kidnaping needs to stop regarding private foster care dept." Plaintiff believes that "the matter has been over looked and or cover up on going to the point of crimes in the government offices and dept. of all." Thus, Plaintiff requests that this Court conduct a hearing "to see that all laws, rules, programs are upheld" and to allow Plaintiff to be reunited with his children.

## DISCUSSION

In order to assert a cognizable claim under § 1983, Concert must allege that some person has deprived him of a federal right, and that the person who has caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). In setting forth a claim of conspiracy, Concert cannot rely on broad or conclusory allegations. Dennis v. Sparks, 449 U.S. 24, 27-36 (1980). On the contrary, he must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982).

With all due respect to Concert, the Court finds incredible his notion that virtually every person even remotely involved in his criminal and civil matters -- from defense attorneys, to court employees, to county employees, and county agencies,-- are engaged in a corrupt plot to violate his civil rights. The court therefore rejects Concert's factual contentions as clearly baseless. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims which are based upon pro se plaintiff's subjective suspicions and unsupported speculation properly

dismissed under § 1915(d)). The allegations in the complaints are vague and conclusory and do not present a cognizable § 1983 conspiracy claim.

Moreover, Concert's allegations as a whole seek to undermine the legality of his criminal conviction. However, to the extent that Concert requests to be released from his "unlawful" incarceration, it is well-settled that inmates may not use civil rights actions to challenge the fact of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement must be brought by writ of habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir.1985).

Nor can Plaintiff, under Heck v. Humphrey, 512 U.S. 477 (1994), maintain a cause of action for injunctive, declaratory or monetary relief for unlawful imprisonment or detention until the basis for that detention, whatever that may be, is rendered invalid. In Heck, the United States Supreme Court announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.".[2]

To the extent that Concert seeks to have this Court lift an order in a matter dealing with the enforcement of a child custody order, under the authority of Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206 (1992), we decline jurisdiction in this domestic relations matter which is considered ongoing in state court where Plaintiff has continuing rights, including any deprivation of a constitutional right.

Finally, with respect to Concert's request that this Court conduct a hearing or investigation into the Defendants alleged role in violating Plaintiff's civil rights, the determination whether to prosecute, and what criminal charges to file or bring, are decisions that generally rest in the prosecutor's, not the Court's, discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973)(prosecution of

---

[2] An action barred by Heck must be dismissed without prejudice to plaintiff's right to file a new action if he succeeds in invalidating his conviction. See Wallace v. Kato, 549 U.S. 382, 127 S.Ct. 1091, 1099 n.4 (2007). (Once the Heck bar is removed, if petitioner "were not allowed to refile his suit, Heck would produce immunity from § 1983 liability, a result surely not intended.")

state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney). Criminal statutes do not generally provide a private cause of action nor basis for civil liability. See e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)(18 U.S.C. §§ 241, 242 provide no private right of action and cannot form the basis of a civil suit); Pawelek v. Paramount Studios, Corp., 571 F. Supp. 1082, 1083 (N.D. Ill. 1983)(no private cause of action inherent in federal criminal statutes defining civil rights violations). This Court cannot compel either state or federal prosecuting authorities to file criminal charges against the named Defendant. Thus, the relief Plaintiff seeks is not within the power of this Court to grant.

Therefore, under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990). An appropriate order is attached.

Dated: October 29, 2008

**United States District Judge**